UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

====================================
ARON ROTH individually and
on behalf of all others similarly situated

                    Plaintiff,

    -against-

VIKING CLIENT SERVICES, INC.

                    Defendant.

====================================

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Aron Roth files this Complaint seeking redress for the illegal practices of Viking Client Services, Inc., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Eden Prairie, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Aron Roth*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 23, 2014, Viking Client Services, Inc. sent a collection letter to the Plaintiff Aron Roth.

11. The said letter was an effort to collect on a consumer debt.

12. The said July 23, 2014 letter was mailed out by the Defendant to the Plaintiff in a plastic window envelope.

13. Visible through the plastic window, was the consumer's account number allocated to the Plaintiff by Viking Client Services, Inc., which is used to identify the Plaintiff in connection with Defendant's collection efforts.

14. Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). These abusive debt collection practices, Congress found, lead to personal bankruptcies, marital instability, the loss of jobs, and, relevant to our analysis, "invasions of individual privacy." Id. § 1692(a).

15. To further the FDCPA's purposes, § 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. Id. Subparagraph 8, prohibits the following conduct:

> "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

16. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, contained such a symbol and language.

17. Viking Client Services, Inc.'s disclosure of the Plaintiff's account number violates the FDCPA.

18. The plain language of § 1692f(8) does not permit Viking Client Services, Inc.'s envelope to display an account number.

19. The Plaintiff's account number is not benign, but rather a piece of information which is able to identify the Plaintiff's status as a debtor.

20. Indeed, the disclosure of the Plaintiff's account number raises core consumer privacy concerns.

21. Federal Rule of Civil Procedure 5.2(a), entitled "Privacy Protection for Filings Made with the Court," provides: "a party or non-party making the filing may include only:

> ... (4) [T]he last four digits of the financial-account number." Pursuant to this Rule, every litigant is required to redact her account number before filing her pleading in the district court. The prohibition is prophylactic and does not require a showing that a miscreant actually misused an account number that should have been redacted.

22. Privacy Act of 1974, 5 U.S.C. § 552a(4)(b) (West 2011) No agency shall disclose any "identifying number" without consent.

23. The FDCPA provides no exception, permitting a debt collector to expose a consumer's account number or other personal identifying information.

24. The overarching purpose of the FDCPA is consumer protection, not debt collector expediency. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("[t]hough it also protects the interests of law-abiding debt collectors, the Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind."). *Douglass v. Convergent Outsourcing*, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Here, [the debt collector's] disclosure implicates a core concern animating the FDCPA—the invasion of privacy. Section 1692(a) of the FDCPA explains that Congress enacted the law in response to "abundant evidence' of abusive debt collection practices that cause manifest harms to individuals, among them "invasions of individual privacy. 15 U.S.C. § 1692(a). The disclosure of [the debtor's] account number raises these privacy concerns. The

account number is a core piece of information pertaining to [the debtor's] status as a debtor and [the debt collector's] debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because [the debt collector's] disclosure implicates core privacy concerns, it cannot be deemed benign" . . . Accordingly, [the debtor's] account number is impermissible language or symbols under § 1692f(8).); *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 238 (2d Cir. 1998). ([A central purpose of § 1692f(8) is] to protect the privacy of the debtors.)

25. Upon information and belief, the Defendant mails millions of such collection correspondence annually.

26. Defendant's July 23, 2014 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

27. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

28. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29. The identities of all class members are readily ascertainable from the records of Viking Client Services, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

30. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Viking Client Services, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

31. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

32. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

33. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

34. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

35. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. This cause of action is brought on behalf of Plaintiff and the members of a class.

41. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially

the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending envelopes to consumers, which reveal information, other than the Defendant's name and/or address.

### *Violations of the Fair Debt Collection Practices Act*

42. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

43. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

44. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

        Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

        Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
　　　　May 21, 2015

        /s/ David Palace_____
        **Law Offices of David Palace** (DP 3855)
        383 Kingston Ave. #113
        Brooklyn, New York 11213
        Telephone: 347-651-1077
        Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

        /s/ David Palace_____
        David Palace esq. (DP 3855)



SDVIKI10
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED



7500 Office Ridge Circle
Eden Prairie MN 55344-3678

(952) 944-7575 ♦ (800) 767-7895

July 23, 2014

MAIL ALL CORRESPONDENCE TO:

VIKING CLIENT SERVICES, INC.
PO Box 44997
Minneapolis MN 55344-2697

[Redacted]19/D09/CITI04/A -182     360920728

Aron   Roth
1454 43Rd St Apt A2
Brooklyn NY 11219-1618

Account #: [Redacted]19
Account Balance: $10577.25

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

VCS Account #: [Redacted]19
Creditor: Citibank, N.A.
Account #: XXXXXXXXXXXX0277
Account Balance: $10577.25

Account Type: Citi Advantage World Mastercard
Original Account #: XXXXXXXXXXXX0277
Last Payment Date: 08/12/13

Citibank, N.A. is the owner of your Citi Advantage World Mastercard account.

Citibank, N.A. has assigned the above account to Viking Client Services, Inc. for collection and is due in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
Scott Lumley
Viking Client Services, Inc.

MEMBER

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

As of the date of this letter, your current balance owing is $10577.25. Your balance may periodically increase due to interest, late charges, and other charges as authorized within the terms of your account agreement with the original creditor

New York City Department of Consumer Affairs License Number - #0987255.
1SDVIKI10182(A)

*Viking Client Services, Inc.  ♦  7500 Office Ridge Circle  ♦  Eden Prairie MN  55344-3678  ♦  (800) 767-7895*